Filed 12/10/21  P. v. DeJesus CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C093354 |
| Plaintiff and Respondent, | (Super. Ct. No. 19F3389) |
| v. | |
| PETER LUIS DEJESUS, | |
| Defendant and Appellant. | |

Defendant Peter Luis DeJesus entered an open plea of no contest to several offenses and admitted two prior prison term enhancements.  The court suspended execution of defendant's 14-year sentence and placed him on probation; defendant did not appeal the probationary order.

After Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) went into effect, limiting the offenses that qualify for a prior prison term enhancement under Penal Code section 667.5, subdivision (b) (statutory section citations that follow are to the Penal Code), the court ordered defendant's suspended 14-year sentence into effect for

1

violating the terms of his probation. The court declined to strike the previously imposed two one-year prior prison term enhancements even though defendant no longer qualified for the enhancements under Senate Bill 136.

On appeal, defendant contends, and the People concede, that the trial court erred in declining to strike both prior prison term enhancements because Senate Bill 136 applies retroactively to his case. We accept the concession and shall remand for resentencing.

FACTS AND HISTORY OF THE PROCEEDINGS

In March 2019, defendant was arrested after physically assaulting the victim outside a restaurant; the victim suffered injuries to his face and mouth requiring stitches. He was charged with battery with serious bodily injury (§ 243, subd. (d), count 1), and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)). As to each count, it was further alleged that defendant had a prior strike conviction (§ 1170.12), a prior serious felony conviction (§ 667, subd. (a)), had served two prior prison terms (§ 667.5, subd. (b)), and personally inflicted great bodily injury (§ 12022.7).

In July 2019, defendant entered an "open plea" of no contest to counts 1 and 2 and admitted each of the enhancement allegations. At the time of the plea, the court said it was tentatively inclined to grant a *Romero* (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) motion to strike defendant's strike.

At the sentencing hearing in August 2019, the court struck defendant's prior strike, and sentenced him to 14 years in state prison, including the upper term of four years for count 2, plus five years for the prior serious felony enhancement, three years for the personal infliction of great bodily injury enhancement, and one year for each of defendant's two prior prison terms. For count 1, the court imposed and stayed a sentence under section 654. The court suspended execution of sentence and placed defendant on probation.

Four petitions to revoke defendant's probation were filed, alleging numerous violations of probation.  Defendant admitted the allegations in the first petition, including that on two occasions he failed to attend an orientation as directed by probation, that he was terminated from a sober living program due to rules violations and then failed to report his new address to probation, and that he failed to report to probation as directed. The remaining probation violation allegations were dismissed, and the matter was continued for sentencing.

On January 5, 2021, the trial court declined to reinstate defendant on probation and ordered the suspended 14-year sentence into effect.  Although Senate Bill 136 became effective in 2020, after the execution of defendant's sentence was suspended in 2019 but before the court revoked probation and ordered the suspended sentence into effect in 2021, the trial court found that because defendant had failed to appeal the original probation order that he was not entitled to the ameliorative benefits of Senate Bill 136 on his two prison prior enhancements.  Defendant timely appealed.

## DISCUSSION

Senate Bill 136 made the one-year prior prison term enhancement under section 667.5, subdivision (b), applicable only if a defendant had served a prison term for certain sexually violent offenses.  (See Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020, amending § 667.5, subd. (b); *People v. Winn* (2020) 44 Cal.App.5th 859, 872.)  If the amended provision had been in effect at the time the court imposed sentence but suspended its execution in August 2019, it would not have applied to defendant's two prior prison terms, which were for assault with a firearm (§ 245, subd. (a)(2)) and possession of drugs or alcoholic beverages in prison or jail (§ 4573.8).

The parties agree, as do we, that Senate Bill 136 applies retroactively to defendant's case.  (*People v. Esquivel* (2021) 11 Cal.5th 671, 678; *In re Estrada* (1965) 63 Cal.2d 740.)  "When new legislation reduces the punishment for an offense, we

3

presume that the legislation applies to all cases not yet final as of the legislation's effective date." (*Esquivel,* at p. 673.) Our Supreme Court in *Esquivel* recently held that where a defendant is placed on probation with execution of a state prison sentence suspended, like defendant was here, his case is not yet final for *Estrada* retroactivity purposes if the defendant may still obtain direct review of an order revoking probation and causing the state prison sentence to take effect. (*Esquivel*, at p. 673.) Because the court ordered defendant's imposed 14-year sentence into effect after Senate Bill 136 became effective, defendant is entitled to the ameliorative benefits of the amended statute while his case is pending on appeal as the case is not yet final under *Estrada*. The trial court thus erred in declining to strike defendant's two one-year prior prison term enhancements.

## DISPOSITION

The judgment is reversed and the matter is remanded for resentencing consistent with this opinion.

_____

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

KRAUSE, J.

4